**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

**RONNET MONTAGUE, NATHANIEL**
**DIAZ, RAUSHANAH MEDINA, and**            Index No. 19 Civ. 6572
**HAYWOOD GERST, on behalf of themselves**
**and all other persons similarly situated,**

                              **CLASS AND COLLECTIVE**
                              **ACTION COMPLAINT**
                     **Plaintiff,**

          **- against -**                    **Jury Trial Demanded**

**CONTEMPORARY SERVICES**
**CORPORATION,**

                              **Defendant.**
----------------------------------------------------------x

　　　　Plaintiffs Ronnet Montague, Nathaniel Diaz, Raushanah Medina, and Haywood Gerst

(hereinafter collectively referred to as "Plaintiffs"), by and through his undersigned attorneys,

The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Contemporary

Services Corporation (hereinafter collectively referred to as "Defendant"), and allege, on behalf

of themselves and all other persons similarly situated, upon personal knowledge, and upon

information and belief as to other matters, as follows:

## NATURE OF THE CLAIMS

1.　　　Contemporary Services Corporation is an international company which provides a variety

　　　　of services to organizers of high-profile special events, including venue operations

　　　　management, security, pedestrian and vehicle security screening, 24-hour site security,

　　　　etc.  Contemporary Services Corporation is one of the largest security companies in

　　　　North America.

2.　　　The Plaintiffs have been employed by Defendant to provide security services and crowd

　　　　control to Defendant's clients, who organize large-scale public events that are generally

　　　　attended by large crowds.

3.      This lawsuit seeks to recover unpaid wage and overtime compensation for Plaintiffs and similarly situated co-workers, pursuant to the Fair Labor Standards Act, 29 U.S §§ 201 *et seq.* ("FLSA").

4.      During their employment with Defendant, Plaintiffs and similarly situated individuals, who worked as Security Guards, were subjected to numerous violations of federal and state labor laws, including: (1) unpaid overtime wages from Defendant for hours worked in excess of 40 in a workweek; (2) unpaid wages from Defendant for travel that was all in a day's work; (3) unpaid wages associated with Defendant's practice of engaging Plaintiffs and similarly situated individuals to wait by directing that they report to work 30-minutes before the start of their shifts, for Defendant's benefit; (4) the requirement that they purchase and maintain uniforms; and, (5) Defendant's practice of paying Plaintiffs their wages using a payroll debit card that imposed fees on them when they accessed their wages without first obtaining their consent.

5.      Plaintiffs brings the following FLSA claims on behalf of themselves and similarly situated current and former Security Guards  (hereinafter referred to as the "FLSA Collective Class") who opt-in to this action pursuant to the FLSA collective action provision of 29 U.S.C. § 216(b): (1) unpaid overtime wages from Defendant for hours worked in excess of 40 in a workweek; (2) unpaid wages from Defendant for travel that was all in a day's work; and, (3) unpaid wages associated with Defendant's practice of engaging Plaintiffs and similarly situated individuals to wait by directing that they report to work 30-minutes before the start of their shifts, for Defendant's benefit.

6.      Plaintiffs also brings the following New York Labor Law (hereinafter referred to as "NYLL") claims as a class action on behalf of current and former Security Guards

pursuant to Federal Rule of Civil Procedure, Rule 23 (hereinafter "NYLL Class"): (i) unpaid overtime wages from Defendant for hours worked in excess of 40 in a workweek pursuant to the NYLL §§ 190 and 650, *et seq*. and the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142, *et seq*. ("Wage Order"); (ii) unpaid wages for unpaid travel that was in a day's work hours; (iii) damages associated with Defendant's practice of requiring its employees purchase and maintenance uniforms, for Defendant's benefit, at their own expense; (iv) unlawful deductions from wages, associated with Defendant's practice paying employees their wages via payroll debit card, which imposed fees, without their consent; (v) damages for Defendant's failure to provide Plaintiffs with a notice of wages pursuant to NYLL §§ 195(1)(a) and 195(3); and, (vi) attorneys' fees and costs, as well as both liquidated and punitive damages pursuant to NYLL.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

8.  The Court also has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.  This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11.  Plaintiff Ronnet Montague is an adult residing in Kings County, New York.

12. Plaintiff Montague has been employed with Defendant as a Security Guard since in or around 2012.

13. At all relevant times herein, Defendant compensated Plaintiff Montague on an hourly basis.

14. Plaintiff Nathaniel Diaz is an adult residing in Bushkill, Pennsylvania.

15. Plaintiff Diaz has been employed with Defendant as a Security Guard since in or around 2012.

16. At all relevant times herein, Defendant compensated Plaintiff Diaz on an hourly basis.

17. Plaintiff Raushanah Medina is an adult residing in Kings County, New York.

18. Plaintiff Medina has been employed with Defendant as a Security Guard since in or around 2012.

19. At all relevant times herein, Defendant compensated Plaintiff Medina on an hourly basis.

20. Plaintiff Haywood Gerst is an adult residing in Kings County, New York.

21. Plaintiff Gerst has been employed with Defendant as a Security Guard since in or around 2012.

22. At all relevant times herein, Defendant compensated Plaintiff Gerst on an hourly basis.

23. Plaintiffs consent to being a party Plaintiffs pursuant to 29 U.S.C. § 216(b).

24. Plaintiffs bring their claims in the instant action as representative parties of a prospective class of similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

25. Defendant Contemporary Services Corporation is a foreign business entity authorized to conduct business in the State of New York.

26. At all relevant times, Defendant has owned, operated, or controlled a business engaged in crowd management and security company.

27. Defendant operates more than 50 branch locations in over 200 cities in the United States and Canada.

28. At all relevant times, Defendant determines and/or determined, the wages and compensation, established the schedules of employees, including Plaintiffs and the FLSA Collective Class/NYLL Class.

29. At all relevant times, Defendant maintains, and/or maintained, employee records, and had the authority to hire and fire employees, including Plaintiffs and the FLSA Collective Class/NYLL Class.

30. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and the FLSA Collective Class/NYLL Class, including timekeeping, payroll and other employment practices that applied to them.

31. Upon information and belief, Defendant applied the same employment policies, practices and procedures to all employees who performed the same or similar duties as Plaintiffs and the FLSA Collective Class/NYLL Class, with respect to payment of wages and overtime compensation.

32. Since in or around 2012, Plaintiffs have been employed, or were employed, by Defendant to work at various venues within New York State, including Queens County, New York.

33. During her employment with Defendants, Plaintiff Montague has been assigned to work job assignments in other states, including Pennsylvania and Massachusetts.

34. During the last three years, Plaintiff Medina has been assigned to work job assignments in other states, including Washington, DC, Pennsylvania, Connecticut, and West Virginia.

35. During the last three years, Plaintiff Diaz has been assigned to work job assignments in other states, including New Jersey.

36. During the last three years, Plaintiff Gerst has been assigned to work job assignments in other states, including Pennsylvania, West Virginia, Delaware, Connecticut, and Washington, D.C.

37. At all relevant times herein, Plaintiffs and members of FLSA Collective Class have each been an "employee" within the meaning of 29 U.S.C. § 203(e).

38. At all relevant times herein, Plaintiffs and members of NYLL Class have each been an "employee", within the meaning of the Wage Order, 12 N.Y.C.R.R. § 142-1.14.

39. At all relevant times herein, Plaintiffs and members of NYLL Class have each been an "employee" of Defendant, as within the meaning of NYLL § 2(5).

40. At all relevant times herein, Plaintiffs and members of NYLL Class have each been an "employee" of Defendant, within the meaning of NYLL § 190(2).

41. At all relevant times herein, Plaintiffs and the NYLL Class were "employees" of Defendant, within the meaning of NYLL § 651(5).

42. At all relevant times herein, Defendant was an "employer" of Plaintiffs and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(d).

43. At all relevant times herein, Defendant was an "employer" of Plaintiffs and the NYLL Class, within the meaning of NYLL § 2(6).

44. At all relevant times herein, Defendant was an "employer," of Plaintiffs and the NYLL Class, within the meaning of NYLL § 190(3).

45. At all relevant times herein, Defendant was an "employer," of Plaintiffs and the NYLL Class, within the meaning of NYLL § 651(6).

46.   At all relevant times herein, Plaintiffs and the NYLL Class were "employed" by Defendant, as defined by NYLL § 2(7).

47.   At all times relevant herein, Defendant was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

48.   At all relevant times herein, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

49.   At all relevant times herein, Defendant was individually a "person" within the meaning of 29 U.S.C. § 203(a).

50.   At all relevant times herein, Plaintiffs and the FLSA Collective Class were employees engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

51.   Defendant, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

52.   Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.00.

53.   Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiffs and the FLSA Collective Class/NYLL Class.

## FACTUAL ALLEGATIONS

54.   As Security Guards employed by Defendants, Plaintiffs and the FLSA Collective Class/NYLL Class were responsible for ensuring the safety and security of events through the consistent and through enforcement of the venue's policies while screening/protecting performers, including athletes, employees, and guest.

**Overtime Violations**

55.     At all relevant times to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs and the FLSA Collective Class/NYLL Class to work in excess of forty (40) hours per week without providing overtime compensation required by the FLSA and NYLL, and related rules and regulations.

56.     During the week of August 27, 2018, Plaintiffs were assigned to work between 100 and 120+ hours per week without receiving overtime compensation at one-and-one-half times their regular rate of pay for all hours worked over forty hours per workweek, in violation of the FLSA and NYLL.

57.     During the week of September 2, 2018, Plaintiffs were assigned to work between 100 and 120+ hours per week without receiving overtime compensation at one-and-one-half times their regular rate of pay for all hours worked over forty hours per workweek, in violation of the FLSA and NYLL.

58.     At all relevant times, Defendant was aware that the nonpayment of overtime wages would economically injure Plaintiffs and the FLSA Collective Class/NYLL Class, and violated the FLSA and the NYLL.

**Off the Clock Violations**

59.     At all relevant times, Defendant had a practice of scheduling Plaintiffs and FLSA Collective Class/NYLL Class start working at a specific time and thereafter directing them to report to a meeting place before "clocking-in" and reporting to their assignments 30-minutes early.

60.     Despite directing Plaintiffs and the FLSA Collective Class/NYLL Class to report to work 30-minutes early, Defendant refused to allow them to "clock-in" until the 30-minutes had passed.

61.     Upon information and belief, Defendant directed Plaintiffs and FLSA Collective Class/NYLL Class report early to work for the Defendant's benefit.

62.     While in waiting in the meeting place before Defendant permitted them to clock in, Plaintiffs and the FLSA Collective Class/NYLL Class were unable to utilize the waiting time effectively for their own purposes.

63.     Upon information and belief, Defendant used the 30-minute wait time to coordinate placement and assignments of its Security Guards, including Plaintiffs and FLSA Collective Class/NYLL Class, by taking a visual headcount and identifying which individuals were present and assigning them to perform specific duties and/or locations.

64.     If an emergency were to occur during the waiting period, Plaintiffs and FLSA Collective Class/NYLL Class were expected to be ready and available to receive an assignment at any point during the 30-minute waiting period.

65.     Upon information and belief, Defendant directed Plaintiffs to report to work 30-minutes before the start of their shift to avoid any delays in meeting contractual staffing obligations owed to Defendant's clients with respect to providing staffing services.

66.     Upon information and belief, Defendant directed Plaintiffs and the FLSA Collective Class/NYLL Class to report to work early be able to quickly and efficiently issue individual assignments and to ensure adequate staffing at all times.

67.     At all relevant times, Defendant's practice of requiring Plaintiffs and FLSA Collective Class/NYLL Class report early was an integral and indispensable part of the planning and

coordinating of the principal work activity that the Plaintiffs and the FLSA Collective Class/NYLL Class were hired to performed, i.e., provide security and crowd control services.

68. Defendant's actions in not paying Plaintiffs and the FLSA Collective Class/NYLL Class while waiting to "clock-in" while coordinating their assignments resulted in Defendant failing to accurately document the number of hours Plaintiffs and the FLSA Collective Class/NYLL Class worked each workday and the total number of hours worked each workweek.

69. As a result of the foregoing conduct, Defendant failed to provide accurate wage statements to Plaintiffs and the FLSA Collective Class/NYLL Class accurate wage statements to Plaintffs and the FLSA Collective Class/NYLL Class, in violation of NYLL § 195(3).

**Unpaid Travel Time**

70. At all relevant times, Defendant had a practice of failing to compensate Plaintiffs and FLSA Collective Class/NYLL Class for travel all in a day's work, in violation of the FLSA and NYLL.

71. By way of example only, Defendant assigned Plaintiffs and members of the FLSA Collective Class/NYLL Class to work special one-day assignments, providing Security Guard services to Defendant's clients, within the State of New York and in other States within driving distance from New York.

72. Plaintiffs and members of the FLSA Collective Class/NYLL Class performed the special assignments for the Defendant's benefit, and at Defendant request, to meet the needs of the particular assignment.

73. Because Plaintiffs and FLSA Collective Class/NYLL Class would not be able to work on most of Defendant's assignments outside of the City of New York, Defendant provided transportation to be able to service its clients.

74. In an effort to provide adequate services to its Clients with respect to special assignments, Defendant instructed Plaintiffs and FLSA Collective Class/NYLL Class report to meeting place at or near Defendant's offices in Queens County, New York, where Defendant would give Plaintiffs and FLSA Collective Class/NYLL Class work-related instructions before transporting them to job worksites where they would perform their principal work related activity, provide crowd management and security services at large scale events.

75. Plaintiffs and FLSA Collective Class/NYLL Class were not compensated for the time beginning when they reported to the meeting place to receive instructions and the travel time associated with traveling to the worksite.

76. Plaintiffs and FLSA Collective Class/NYLL Class were likewise not compensated for the travel time associated with reporting back to Defendant's meeting place in New York City.

77. The worksites that Plaintiffs and FLSA Collective Class/NYLL Class traveled to were located within New York State and in other states as well, for example, Pennsylvania, Virginia, Connecticut, Maryland, and Washington, D.C.

78. These and other practices resulted in substantial uncompensated, "off-the-clock" work performed by the Plaintiffs and members of the FLSA Collective Class/NYLL Class, in violation of the FLSA and the NYLL.

79. The uncompensated, "off-the-clock" work also resulted in Plaintiffs and members of the FLSA Collective Class/NYLL Class not receiving compensation at one and one-half

times of their regular rate of pay for all hours worked over forty hours per workweek, in violation of the overtime provisions of the FLSA and NYLL.

80.    At all relevant times, Defendant was aware that nonpayment of wages associated with travel time would economically injure Plaintiffs and the FLSA Collective Class/NYLL Class, and also violated federal and state laws.

81.    Defendant committed the foregoing acts against Plaintiffs and the FLSA Collective Class/NYLL Class knowingly, intentionally and willfully.

82.    Defendant's actions in not paying Plaintiffs and the FLSA Collective Class/NYLL Class for travel time resulted in Defendant failing to accurately document the number of hours Plaintiffs and the FLSA Collective Class/NYLL Class worked each workday and the total number of hours worked each workweek.

83.    As a result of the foregoing conduct, Defendant failed to provide accurate wage statements to Plaintiffs and the FLSA Collective Class/NYLL Class accurate wage statements to Plaintiffs and the FLSA Collective Class/NYLL Class, in violation of NYLL § 195(3).

**<u>Uniform Purchase and Maintenance Violations</u>**

84.    At all relevant times, Defendant had a practice of requiring that Plaintiffs and the NYLL Class wear uniforms, which consisted of black pants, black belt, black shoes, and a colored shirt with CSC embroidered on it, while they worked, in violation of the FLSA and NYLL.

85.    The clothes were of a particular style determined by Defendant, which could not be worn as part of Plaintiffs' or the NYLL Class' ordinary wardrobe.

86. Defendant informed Plaintiffs and the NYLL Class that they were required to purchase Black Cintas pants through Defendant or purchase Black Dickies pants at Wal-Mart or K-Mart.

87. Defendant informed Plaintiffs and the NYLL Class that they were required to procure their own black shoes that did not a logo of any kind.

88. Defendant informed Plaintiffs and the NYLL Class that they were required to procure their own black belts.

89. Defendant informed Plaintiffs and the NYLL Class that they were required to procure their own black socks.

90. All or some of the articles of clothing for the uniforms had to be purchased by Plaintiffs and the NYLL Class themselves.

91. The clothing that Plaintiffs and the NYLL Class were and are required to wear while working consisted of a uniform within the meaning of the NYLL and Wage Order.

92. Defendant has not reimbursed Plaintiffs or the NYLL Class for the cost of purchasing the uniforms.

93. These mandated uniforms cannot be cleaned along with Plaintiffs' or the NYLL Class' every day clothing, and require dry cleaning and/or other special treatment.

94. Defendant did not wash and maintain these uniforms for Plaintiffs or the NYLL Class.

95. Defendant did not reimburse Plaintiffs or the NYLL Class for the cost of cleaning and maintaining the uniforms.

96. Defendant knew that the foregoing acts violated the NYLL and the Wage Order, and would economically injure Plaintiffs and the NYLL Class.

97.     Defendant committed the foregoing acts against Plaintiffs and the NYLL Class

        knowingly, intentionally and willfully.

**<u>Deductions from Wages Violations</u>**

98.     Throughout the relevant time period, Defendant used a payroll debit card to pay Plaintiffs

        and the NYLL Class their wages without first obtaining their consent, in violation of 12

        N.Y.C.R.R. § 192-1.3.

99.     Defendant required that Plaintiffs and FLSA Collective Class/NYLL Class receive some

        or all of their pay on a payroll debit card and did not allow them to opt out of this system

        or to choose another option for payment.

100.    As a result of Defendant's payroll practices, Plaintiffs and FLSA Collective Class/NYLL

        Class found it almost impossible to withdraw their pay from this payroll debit card

        without paying fees to do so.

101.    Plaintiffs and FLSA Collective Class/NYLL Class were charged for $1.75 for

        withdrawals, in addition to any related automatic teller machine fees.

102.    Defendant knew that the foregoing acts violated the NYLL, and would economically

        injure Plaintiffs and the FLSA Collective Class/NYLL Class.

103.    As a result of the deductions indicated herein, Plaintiffs and FLSA Collective

        Class/NYLL Class received less wages than they were entitled to, including overtime

        wages.

104.    Defendant did not reimburse Plaintiffs and the NYLL Class for the costs associated with

        accessing and using their wages via Defendant's payroll debit card.

105.    Defendant knew that the foregoing acts violated the NYLL, and would economically

        injure Plaintiffs and the NYLL Class.

106.   Defendant committed the foregoing acts against Plaintiffs and the FLSA Collective Class/NYLL Class knowingly, intentionally and willfully.

107.   Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, was pursuant to a corporate policy or practice minimizing labor costs by, in part, failing to record the hours employees worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

108.   Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of similarly situated persons who were employed by Defendant as Security Guards or have performed the duties of a Security Guard, as described herein during the full statute of limitations (the full statute of limitations period is hereinafter referred to as the "FSLA Collective Period").

109.   At all relevant times, Plaintiffs and the FLSA Collective Class were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendant's practice of willfully failing to pay them: (1) premium overtime pay for all hours worked in excess of forty (40) hours per week; (2) for travel that was all in a day's work; and, (3) for requiring that they wait for 30-minutes before being allowed to "clock-in."

110.   During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiffs and the FLSA Collective Class, and that those duties were not exempt from the overtime provisions of the FLSA.

111.   As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C.§ 207 by not paying the FLSA Collective Class and Plaintiffs the appropriate overtime wage for all hours worked over 40 in a workweek.

112.    As a result of Defendant's conduct as alleged herein, Defendant violated 29 C.F.R. § 785.38 by not paying the FLSA Collective Class and Plaintiffs for travel that was all in a day's work.

113.    As a result of Defendant's conduct as alleged herein, Defendant violated the FLSA by requiring that Plaintiffs and the FLSA Collective Class report for work and wait while Defendant coordinated their placement and assignments without compensating them, despite the fact that Defendant engaged in this conduct for the sole benefit of the Defendant's business.

114.    Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice minimizing labor costs by failing to record the hours employees work.

115.    Defendant's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

116.    Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant, pursuant to 29 U.S.C. § 216(b).

117.    As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Collective Class for the full amount of unpaid overtime wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

118.    While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least fifty (50) other similarly situated

persons who were employed by Defendant as Security Guards during the FLSA Collective Period.

119.    Plaintiffs are currently unaware of the identities of the FLSA Collective.  Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant as Security Guards during the FLSA Collective Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiffs can give the FLSA Collective Class notice of this action and an opportunity to make an informed decision about whether to participate.

**FRCP RULE 23 CLASS ACTION ALLEGATIONS**

120.    The members of the NYLL Class are so numerous that joinder of all members is impracticable.

121.    Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendant as Security Guards who were: (i) not paid proper overtime wages for all hours worked over 40 hours each workweek; (ii) not paid for reporting to work and waiting while Defendant coordinated assignments and duties; (iii) not paid for travel time that was all in a day's work; (iv) required to purchase and maintain their own uniforms; (v) subjected to unlawful deductions by virtue of Defendant's practice in issuing employees a payroll debit card containing any wages earned, which required the use of automatic teller machines that charged fees when accessing any funds earned; and, from November 20, 2013, and the date of a final judgment in this matter ("NYLL Class Period".)

122.    The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs, and the NYLL Class were paid in the same manner under the same common policies, plans and practices as Plaintiffs.

123.    The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendant, including off-the-clock violations, non-payment of travel that was all in a day's work, non-payment of overtime wages for all hours worked over 40 hours each workweek, making unlawful deductions from wages, and not paying uniform purchase and maintenance costs.

124.    Excluded from the NYLL Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

125.    During the NYLL Class Period, Defendant was fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or the Wage Order.

126.    As a result of Defendant's conduct as alleged herein, Defendant violated the NYLL and/or the Wage Order.  Defendant's violations of the NYLL and/or the Wage Order were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

127.    As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the NYLL Class for the full amount of unpaid wages associated with uncompensated travel time that was in a day's work, off-the-clock violations, unpaid overtime, unlawful deductions, and the

cost of purchasing and maintaining uniforms, plus an additional amount as liquidated damages, plus attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

128.    Certification of the NYLL Class's Claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendant.

129.    Plaintiffs' claims raise questions of law and fact common to the NYLL Class.  Among these questions are:

a.   Whether Defendant violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

b.   Whether Defendant employed Plaintiffs and the NYLL Class within the meaning of the NYLL;

c.   Whether Defendant accurately documented the number of hours Plaintiffs and the NYLL Class worked each workday and the total number of hours worked each workweek;

d.   Whether Defendant paid Plaintiffs and the NYLL Class as required under the FLSA and NYLL for all hours worked during the NYLL Class Period;

e.  Whether Defendant failed to pay Plaintiffs and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the NYLL Class period;

f.  Whether Defendant's policy of requiring Plaintiffs and the NYLL Class to report for work and wait for 30-minutes without compensation constitutes a violation of the NYLL or the Wage Order;

g.  Whether Defendant's policy of not compensating Plaintiffs and the NYLL Class for travel time that was all in a day's work constitutes a violation of the NYLL or the Wage Order.

h.  Whether Defendant provided without cost and/or compensated Plaintiffs and the NYLL Class for the cost of their uniforms;

i.  Whether Defendant compensated Plaintiffs and the NYLL Class for the cost of maintaining their uniforms;

j.  Whether Defendant failed to furnish Plaintiffs and the NYLL Class with an accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL § 195(3);

k.  Whether Defendant failed to furnish Plaintiffs and the NYLL Class with a notice of terms of employment, as required by NYLL § 195(1);

l.  Whether Defendant made unlawful wage deductions from the wages of Plaintiffs and members of the NYLL Class by paying their wages using a payroll debit card, without their consent;

m.  Whether Defendant's violations of the NYLL and/or its regulations were willful; and,

20

n. The nature and extent of class-wide injury and the measure of damages for those injuries.

130. These common questions of law and fact arise from the same course of events and each NYLL Class member will make similar legal and factual arguments to prove liability.

131. Plaintiffs are members of the NYLL Class that they seek to represent.

132. Plaintiffs' claims are typical of the claims of the NYLL Class.

133. The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

134. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

135. Plaintiffs recognize that as class representatives, they must represent and consider the interest of the class just as they would represent and consider their own interests.

136. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over the class.

137. Plaintiffs recognize that any resolution of a class action must be in the best interests of the class.

138. Plaintiffs understand that in order to provide adequate representation they must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

139. There is no conflict between Plaintiffs and the NYLL members.

140. Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case. Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have

retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

141.   Defendant has acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

142.   Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

143.   The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class, including the common issues identified above, predominate over any issues affecting only individual claims.

144.   A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

145.   The cost of proving Defendant's violations of the NYLL and Wage Order makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.

146.   Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

147.   The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant's liability.

148.   The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least one fifty (50) similarly-situated persons who were/are employed by Defendant as Security Guards during the NYLL Class Period.

149.   Plaintiffs are currently unaware of the identities of the NYLL Class. Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant as Security Guards during the NYLL Class Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**
**OVERTIME VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE CLASS)**

150.   Plaintiffs, on behalf of themselves and the FLSA Collective Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

151.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the FLSA Collective.

152.   Defendant failed to pay Plaintiffs and the FLSA Collective Class overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

153.   Defendant's unlawful conduct, as described in the Class and Collective Action

Complaint, has been willful and intentional.

154.   Defendant was aware or should have been aware that the practices described in the Class

Action Complaint were unlawful.

155.   Defendant has not made a good faith effort to comply with the FLSA with respect to the

compensation of Plaintiffs and the FLSA Collective Class.

156.   Defendant's violations of the FLSA have been willful, a three-year statute of limitations

applies, pursuant to 29 U.S.C. § 255.

157.   As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective Class have

been deprived of earned wages in amounts to be determined at trial and are entitled to

recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs,

and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK VIOLATIONS
## (BROUGHT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE CLASS)

158.   Plaintiffs, on behalf of themselves and the FLSA Collective Class, re-allege and

incorporate by reference all preceding paragraphs as if they were set forth again herein.

159.   The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting

federal regulations, apply to Defendant and protect Plaintiffs and the FLSA Collective

Class.

160.   Defendant failed to pay Plaintiffs and the FLSA Collective Class all the wages earned for

all of the hours they worked, including during the first minutes of their workday while

they waited, as instructed by Defendant, to "clock-in."

161.   Defendant's unlawful conduct, as described in the Class and Collective Action Complaint, has been willful and intentional.

162.   Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful.

163.   Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Class.

164.   Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

165.   As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective Class have been deprived of earned wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**
**UNPAID TRAVEL THAT'S ALL IN A DAY'S WORK**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE CLASS)**

166.   Plaintiffs, on behalf of themselves and the FLSA Collective Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

167.   The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the FLSA Collective Class.

168.   Defendant failed to pay Plaintiffs and the FLSA Collective Class all the wages earned for all of the hours they worked, including travel that was all in day's work.

169.   Defendant's unlawful conduct, as described in the Class and Collective Action Complaint, has been willful and intentional.

170.   Defendant was aware or should have been aware that the practices described in the Class

Action Complaint were unlawful.

171.   Defendant has not made a good faith effort to comply with the FLSA with respect to the

compensation of Plaintiffs and the FLSA Collective Class.

172.   Defendant's violations of the FLSA have been willful, a three-year statute of limitations

applies, pursuant to 29 U.S.C. § 255.

173.   As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective Class have

been deprived of earned wage compensation in amounts to be determined at trial and are

entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys'

fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**FOURTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**VIOLATIONS OF THE OVERTIME PROVISIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

174.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by

reference all preceding paragraphs as if they were set forth again herein.

175.   The overtime wage provisions set forth in the Article 19 of the NYLL, and the supporting

regulations, apply to Defendant and protect Plaintiffs and the NYLL Class.

176.   Defendant failed to pay Plaintiffs and the NYLL Class overtime wages for all of the

hours they worked in excess of 40 hours in a workweek.

177.   Defendant was aware or should have been aware that the practices described in the Class

Action Complaint were unlawful.

178.   Defendant did not have a good faith basis to believe that its underpayment of wages was

in compliance with the law.

179. Defendant has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the NYLL Class.

180. Through their knowledge or intentional failure to pay Plaintiffs and the members of the NYLL Class overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and Wage Order, 12 N.Y.C.R.R. § 142-2.2.

181. As a result of Defendant's unlawful acts, Plaintiffs and the NYLL Class have been deprived of overtime compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL Article 6, § 198.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**MINIMUM WAGE ACT VIOLATIONS**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

182. Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

183. The minimum wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

184. Defendant failed to pay Plaintiffs and the members of the NYLL Class all the wages earned for all of the hours they worked, including during the first thirty (30) minutes of their workday while they waited, as instructed by Defendant, to "clock-in."

185. Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful.

186. Defendant did not have a good faith basis to believe that its underpayment of wages was in compliance with the law.

187.    Defendant has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the NYLL Class.

188.    Through their knowledge or intentional failure to pay Plaintiffs and the members of the NYLL Class wages for all hours worked, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

189.    As a result of Defendant's unlawful acts, Plaintiffs and the NYLL Class have been deprived of earned wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL Article 6, § 198.

### SIXTH CLAIM FOR RELIEF
**NEW YORK STATE LABOR LAW
MINIMUM WAGE ACT VIOLATIONS
(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

190.    Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

191.    The minimum wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

192.    Defendant failed to pay Plaintiffs and the members of the NYLL Class all the wages earned for all of the hours they worked, including travel that was all in day's work.

193.    Defendant was aware or should have been aware that the practices described in the Class Action Complaint were unlawful.

194.    Defendant did not have a good faith basis to believe that its underpayment of wages was in compliance with the law.

195.   Defendant has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the NYLL Class.

196.   Through their knowledge or intentional failure to pay Plaintiffs and the members of the NYLL Class wages for hours worked, Defendant has willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

197.   As a result of Defendant's unlawful acts, Plaintiffs and the NYLL Class have been deprived of earned wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL Article 6, § 198.

### SEVENTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### WAGE STATEMENT PROVISION
### (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

198.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

199.   The minimum wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

200.   Defendant failed to provide Plaintiffs and the members of the NYLL Class with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular, overtime hours worked and the overtime rate of pay, and accurate information concerning gratuities, to which they are entitled under the NYLL § 195(3) and Wage Order.

201.   Through their knowledge or intentional failure to provide Plaintiffs and the members of the NYLL Class with wage statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

202.    Due to Defendant's violations of the NYLL § 195(3), Plaintiffs and the members of the

NYLL Class are entitled to recover from Defendant $5,000.00 in damages, as provided

for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AND RECORDKEEPING REQUIREMENT**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

203.    Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by

reference all preceding paragraphs as if they were set forth again herein.

204.    The minimum wage provisions of Article 6 of the NYLL and its supporting regulations

apply to Defendant, and protect Plaintiffs and the members of the NYLL Class.

205.    Defendant failed to provide Plaintiffs and the members of the NYLL Class with a written

notice, in English, at the time that they were hired and when their hourly rate of pay

changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part

of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names

used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the

employer, as required by NYLL §195(1).

206.    Through their knowledge or intentional failure to provide Plaintiffs and the members of

the NYLL Class with notice statements, Defendant has willfully violated the NYLL

Article 6 § 195(1).

207.   Due to Defendant's violations of the NYLL § 195(1), Plaintiffs and the members of the
NYLL Class are entitled to recover from Defendant $5,000.00 in damages, as provided
for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR
## PROHIBITED DEDUCTIONS OF WAGES
## (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

208.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by
reference all preceding paragraphs as if they were set forth again herein.

209.   Defendant paid its employees, including Plaintiffs and the NYLL Class, via payroll debit
card without their consent, thereby reducing and making unlawful deductions to their
wages, in violation of 12 N.Y.C.R.R. § 192-1.3 and NYLL § 193.

210.   Due to Defendant's violations of the NYLL, Plaintiffs and the members of the NYLL
Class are entitled to recover from Defendant the unlawful deductions that Defendant
imposed as a condition of employment, liquidated damages as provided for by NYLL
Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

## TENTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## UNIFORM PURCHASE
## (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

211.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by
reference all preceding paragraphs as if they were set forth again herein.

212.   During the NYLL Class Period, Defendant required Plaintiffs and the NYLL Class to
purchase their uniforms at their own expense, in violation of the NYLL and the Wage
Order.

213.    Defendant failure to reimburse Plaintiffs and the NYLL Class for the cost of purchasing the uniforms was willful within the meaning of NYLL § 663.

214.    Due to Defendant's willful NYLL violations, Plaintiffs and the NYLL Class are entitled to recover from Defendant the cost of uniform purchase, liquidated damages, as well as attorneys' fees and costs, and interest.

### ELEVENTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### UNIFORM MAINTENANCE
### (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

215.    Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

216.    During the NYLL Class Period, Defendant required Plaintiffs and the NYLL Class to maintain their uniforms at their own expense, in violation of the NYLL and the Wage Order.

217.    Defendant failure to reimburse Plaintiffs and the NYLL Class for the cost of maintaining the uniforms that they were required to wear was willful within the meaning of NYLL § 663.

218.    Due to Defendant's willful NYLL violations, Plaintiffs and the NYLL Class are entitled to recover from Defendant the cost of uniform purchase, liquidated damages, as well as attorneys' fees and costs, and interest.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and her counsel to represent the Collective Action members.

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiffs as representative to Rule 23 Class and counsel of record as Class Counsel;

d) An award of unpaid wages and overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

e) An award of unpaid wages and overtime pay, an additional and equal amount as liquidated damages pursuant to the NYLL and the Wage Order;

f) An award of damages for uniform purchase and maintenance, an additional and equal amount as liquidated damages, pursuant to the NYLL and the Wage Order;

g) An award of equal to the amount of damages that Plaintiffs and the FLSA Collective Class/NYLL Class suffered as a result of Defendant's unlawful deductions against wages, in violation of NYLL;

h) An award of statutory penalties equal to two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiffs and the NYLL Class with accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

i)  An award of statutory penalties equal to fifty dollars for each workday that Defendant failed to provide Plaintiffs and the NYLL Class with proper wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

j)  Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the Wage Order;

k)  Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the FLSA;

l)  Prejudgment and post-judgment interest;

m) An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

n)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

o)  Reasonable attorneys' fees and costs of the action; and,

p)  Such other relief that this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons,

hereby demand a jury trial on all issues of fact and damages.

Date:  New York, New York
       November 20, 2019

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____
    Fausto E. Zapata, Jr. (FZ4957)
    *Attorneys for Plaintiffs*
    277 Broadway, Suite 206
    New York, New York 10007
    Tel. (212) 766-9870
    Email: fz@fzapatalaw.com

## AGREEMENT TO COMMENCE COLLECTIVE ACTION

Ronnet Montague hereby acknowledges that he has requested that The Law Offices of Michael B. Palillo, P.C., and The Law Offices of Fausto E. Zapata, Jr., P.C., commence a civil action against Contemporary Services Corp., in the form of a collective action suit to seek redress for damages and injuries relating to unpaid minimum and overtime wages that are owed to him, and such damage and injury to others similarly situated.

Ronnet Montague hereby authorizes the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b).

Client: _____ Date: November 20, 2019
                    Ronnet Montague

## AGREEMENT TO COMMENCE COLLECTIVE ACTION

Haywood Gerst hereby acknowledges that he has requested that The Law Offices of Michael B. Palillo, P.C., and The Law Offices of Fausto E. Zapata, Jr., P.C., commence a civil action against Contemporary Services Corp., in the form of a collective action suit to seek redress for damages and injuries relating to unpaid minimum and overtime wages that are owed to him, and such damage and injury to others similarly situated.

Haywood Gerst hereby authorizes the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b).

Client: _____ Date: November 7, 2019
              Haywood Gerst

## AGREEMENT TO COMMENCE COLLECTIVE ACTION

Nathaniel Diaz hereby acknowledges that he has requested that The Law Offices of Michael B. Palillo, P.C., and The Law Offices of Fausto E. Zapata, Jr., P.C., commence a civil action against Contemporary Services Corp., in the form of a collective action suit to seek redress for damages and injuries relating to unpaid minimum and overtime wages that are owed to him, and such damage and injury to others similarly situated.

Nathaniel Diaz hereby authorizes the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b).

Client: _____ Date: November 20, 2019
                    Nathaniel Diaz

## <u>AGREEMENT TO COMMENCE COLLECTIVE ACTION</u>

Raushanah Medina hereby acknowledges that he has requested that The Law Offices of Michael B. Palillo, P.C., and The Law Offices of Fausto E. Zapata, Jr., P.C., commence a civil action against Contemporary Services Corp., in the form of a collective action suit to seek redress for damages and injuries relating to unpaid minimum and overtime wages that are owed to him, and such damage and injury to others similarly situated.

Raushanah Medina hereby authorizes the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b).

Client: _Raushanah Medina_ Date: October 27, 2019
       Raushanah Medina